# CIRCUIT COURT OF THE CITY OF NORFOLK

Ronald E. Nelson

 v.

Virginia Employment
Commission
and Dillards, Inc.

June 16, 2009

Case No. (Civil) CL08-7159

BY JUDGE JOHN R. DOYLE, III

This matter comes before the court on Ronald Nelson's petition seeking review of the decision of the Virginia Employment Agency (VEC) denying him unemployment compensation benefits.

*Facts and Procedural History*

The Statement of Facts as found by the VEC is contained in the Decision of Commission, Decision No. 84831–C, which is part of the record. Essentially, the facts are as follows. On March 29, 2008, Mr. Nelson (a shoe sales associate employed by Dillards) confronted a fellow sales associate regarding a commission dispute. The confrontation began on the sales floor and culminated in the stockroom. During the conversation, Mr. Nelson used profane language that was racially and sexually demeaning, and these insults provoked a violent response from the co-associate.

In a hearing before the special examiner of the VEC, Mr. Nelson was found to be disqualified from unemployment compensation pursuant to Virginia Code § 60.2-618(2), holding that he was discharged due to

misconduct in connection with work and therefore ineligible for compensation. Va. Code Ann. § 60.2-618(2) (2008). Mr. Nelson then appealed to this Court.

## Discussion

### A. *Discharge Due to Misconduct*

Virginia Code § 60.2-625 provides the procedure for judicial review of decisions by the Commission. Va. Code Ann. § 60.2-625 (2008). Upon review, "the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law."

The VEC found that Mr. Nelson was disqualified for unemployment compensation because of the reason behind his discharge. An employee may be denied benefits if the employee is discharged due to misconduct connected to his work. Va. Code Ann. § 60.2-618 (2008). Misconduct connected to work is defined as a deliberate disobedience of company rules that are "reasonably designed to protect the legitimate business interests of [the] employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a *willful* disregard of those interests and the duties and obligations he owes his employer." *Branch v. Virginia Employment Comm'n*, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978).

In the matter before the court, the Employer's Representative identified the company rule Mr. Nelson violated as Rule 10 from the company's work rules. Rule 10 states: "Associates must exhibit positive behavior toward their job, management, supervisors, and co-associates in all their actions and speech. Customers must always be treated courteously." VEC Hr'g Tr. 21. The record shows that Mr. Nelson was familiar with this rule, as the handbook containing the rules was presented to him in person at hire. Ex. 1 at 1. As the Special Examiner stated in the decision, "the employer has a legitimate business interest in expecting employees not to engage in arguments with co-workers or customers while on duty." VEC Decision No. 84831-C. Mr. Nelson's conduct during the described incident was found by the Commission to be in violation of the company rule. *Id.*

In a case where use of vulgar language was the conduct in question, the court identified several factors to consider when deciding if the behavior constituted misconduct: the severity of the language, the quantity of the language, and the presence of customers, clients, or other employees at the time the language was used. *Kennedy's Piggly Wiggly Stores, Inc. v. Cooper*,

14 Va. App. 701, 706, 419 S.E.2d 278, 281 (1992). In *Kennedy*, the employee's use of profanity was not found to constitute misconduct. Unlike the present case, however, the employee's use of profanity in *Kennedy* was an isolated incident, there was no evidence that other employees or store customers overheard him, and the claimant had worked for the employer for almost twenty years without incident. 14 Va. App. at 707, 419 S.E.2d at 282. Mr. Nelson had been previously warned about his behavior, and there is evidence that employees and customers were privy to the altercation. The court finds, therefore, that Mr. Nelson's dismissal was due to behavior constituting misconduct, in that his behavior violated work Rule 10.

## B. *Decision Based on Evidence in the Record*

The claimant asserts that the findings of fact made by the Commission are not supported by evidence, stating that the incident leading to discharge did not constitute misconduct associated with work.

The Special Examiner points to *Baker v. Babcock & Wilcox Co.*, as a similar situation to the case presently before the court. 11 Va. App. 419, 399 S.E.2d 630 (1990). In *Baker*, a security guard was discharged after it was reported that he had exposed himself to a female employee while on the job. 11 Va. App. at 420, 399 S.E.2d at 631. The Commission found that he was disqualified from benefits because of his behavior, even though there was no testimony from the complaining witness. 11 Va. App. at 426, 399 S.E.2d at 634. Other testimony against the discharged employee was hearsay in nature, including testimony from other employees and the human resources manager, to whom the incident was reported. 11 Va. App. at 423, 399 S.E.2d at 633. There was additional evidence, however, that supported the hearsay evidence, including statements made by the claimant during hearings that "virtually confirmed" admitted hearsay testimony. 11 Va. App. at 426, 399 S.E.2d at 634.

The Commission's use of hearsay evidence in finding that Mr. Nelson's actions constituted misconduct is not improper. Virginia Code § 60.2-623 provides that regulations prescribed by the Commission "need not conform to common law or statutory rules of evidence and other technical rules of procedure." Va. Code Ann. § 60.2-623 (2008). Therefore, hearsay evidence is admissible in agency hearings. The employer's statement concerning discharge, obtained by the deputy, includes information about Mr. Nelson's behavior and specifically about calling his fellow employee a "nigger" and a "bitch" while arguing with her. Ex. 1, p. 3, question 2. In the claimant's statement concerning discharge, obtained by the deputy, Mr. Nelson admits

that there was an argument on the alleged date and that his co-associate had a strong reaction to the situation. Ex. 1, p. 1. Mr. Nelson also acknowledges the argument in his testimony. VEC Hr'g Tr. 31. He concedes that he "may have provoked the employee's actions." Mr. Nelson says he is unable to remember the specific language he used during the altercation. These documents are part of the record.

## C. *Decision Not Based on Hearsay Evidence Alone*

*Babcock* leaves open the question of whether or not decisions may be based on hearsay evidence alone. 11 Va. App. 419, 426, 399 S.E.2d 630, 634. In the present case, this question need not be resolved. The decision to deny benefits to Mr. Nelson does not rely on the hearsay evidence alone. Rather, non-hearsay evidence in the record supports the VEC decision to deny benefits. In accord with *Babcock*, there is sufficient non-hearsay evidence available in the record to verify information from the hearsay evidence.

From Mr. Nelson's testimony alone, we know that he confronted his fellow associate, that they had exchanged heated words on the way back to the stockroom, that provoked a passionate response from the associate, and that he had had previous confrontations with the same associate. VEC Hr'g Tr. 33-35. It is conceded that the testimony by the Employer's Representative was not direct, but instead was a summary of events. However, Exhibit 1, which is part of the record and was never objected to by Mr. Nelson's attorney, reports the profane language that Mr. Nelson used during the incident in question. Ex. 1, p. 3, question 2. Mr. Nelson does not deny using profane language as reported in Exhibit 1; instead, he testifies that he cannot remember what he said. VEC Hr'g Tr. 36. These statements substantiate the hearsay evidence offered by Exhibit 1, as well as those offered by the employer's representative's testimony.

## Conclusion

The Commission's decision that Mr. Nelson was dismissed due to misconduct and is, therefore, disqualified from unemployment benefits was supported by evidence found in the record. The supporting evidence in the record was not solely hearsay in nature. As previously noted, if the findings of fact by the Commission are supported by evidence and not brought about by fraud, then the reviewing court is bound by those findings. Va. Code Ann. § 60.2-625. The decision by the Commission is affirmed.